

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 30, 2105

Henry B. Brennan
20 Park Plaza, Suite 400
Boston, MA 02116

Re:   United States v. Marshall Dion
      Criminal No. 13-10258-DJC

Dear Mr. Brennan:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Marshall Dion, ("Defendant"), agree as follows with respect to the above-referenced case:

1.   Change of Plea

At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Superseding Information attached to this Plea Agreement, charging him with conspiracy to possess with intent to distribute and to distribute marijuana, in violation of 21 U.S.C. §846 (Count One); possession with intent to distribute marijuana, in violation of 21 U.S.C. §841(a)(1) (Count Two); and laundering of monetary instruments, in violation of 18 U.S.C. §1956(a)(1)(B)(i) (Count Three). Defendant expressly and unequivocally admits that he committed the crimes charged in Counts One, Two, and Three of the Superseding Information, did so knowingly and intentionally, and is in fact guilty of those offenses.

Defendant's plea shall, with the U.S. Attorney's consent, be a conditional plea of guilty, reserving Defendant's right to appeal the denial of his Motion to Suppress and Motion for Reconsideration (Docket Entries Nos. 122 and 158) pursuant to Fed. R. Crim. P. 11(a)(2). Defendant will have the right to withdraw his guilty plea should he prevail on appeal.

2. <u>Penalties</u>

Defendant faces the following maximum penalties on each count of the Superseding Information:

- Counts One and Two (Conspiracy to Distribute Marijuana and Possession with Intent to Distribute Marijuana): incarceration for up to twenty (20) years; supervised release for at least three (3) years and up to life; a fine of up to $1,000,000; a mandatory special assessment of $100 ($200 total); and forfeiture to the extent charged in the Superseding Information.

- Count Three (Money Laundering): incarceration for up to twenty (20) years; supervised release for up to three (3) years; a fine of up to $500,000 or twice the amount of funds laundered, whichever is greater; a mandatory special assessment of $100; and forfeiture to the extent charged in the Superseding Information.

3. <u>Fed. R. Crim. P. 11(c)(1)(C) Plea</u>

This Plea Agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Plea Agreement, the U.S. Attorney may deem the Plea Agreement null and void. Defendant understands and acknowledges that he may not withdraw his plea of guilty unless the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5).

4. <u>Sentencing Guidelines</u>

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines"). The parties agree that Defendant's total adjusted offense level under the Guidelines is calculated as follows:

- in accordance with USSG §2D1.1(c)(4), Defendant's base offense level for Counts One and Two is Level 32, because the offenses involved between 3,000 and 10,000 kilograms of marijuana;

- in accordance with USSG §2S1.1(a)(2), Defendant's base offense level for Count Three is Level 32, because the underlying offense from which the laundered funds were derived involved between 3,000 and 10,000 kilograms of marijuana; and

- in accordance with USSG §2S1.1(b)(2)(B), Defendant's offense level for Count Three is increased by two levels, because Defendant was convicted under 18 U.S.C. §1956.

- Defendant will take the position that, pursuant to USSG §§5C1.2 and 2D1.1(b)(17), his offense level for Counts One and Two should be reduced by two (2) levels. The U.S. Attorney will recommend applying USSG §§ 5C1.2 and 2D1.1(b)(17) if the U.S. Probation Office finds that Defendant meets the requirements of USSG §5C1.2(a)(1)-(4). The U.S. Attorney finds that Defendant has personally satisfied USSG §5C1.2(a)(5). Defendant recognizes and acknowledges that, if the Court declines to apply USSG §5C1.2, Defendant will not receive an additional two-level reduction pursuant to USSG §2D1.1(b)(17).

- in accordance with USSG §3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, the adjusted offense level is reduced by three.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney may, at her sole option, be released from her commitments under this Plea Agreement, including, but not limited to, her agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit Defendant's conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

(d) Fails to provide truthful information about Defendant's financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

(f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

      (i)     Transfers any asset protected under any provision of this Plea Agreement; or

      (j)     Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.    Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

    (a)    incarceration for a term between 60 and 87 months;

    (b)    no fine;

    (c)    36 months of supervised release;

    (d)    a mandatory special assessment of $300, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so); and

    (e)    forfeiture as set forth in Paragraph 7.

Within the sentencing range agreed to by the parties, the sentence to be imposed upon Defendant is within the discretion of the Court, subject to the provisions of the advisory USSG and the factors set forth in 18 U.S.C. §3553(a).

6.    Waiver of Right to Appeal and to Bring Future Challenge

    (a)    Defendant has conferred with his attorney and understands that he has the right to challenge the District Court's Orders denying his Motion to Suppress (Docket Entry No. 122) and Motion for Reconsideration (Docket Entry No. 158) in the United States Court of Appeals for the First Circuit. Defendant also understands that he has the right to challenge his conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant further understands that, in some circumstances, Defendant may be able to challenge his conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. §2255 or 28 U.S.C. §2241. Defendant reserves the right to challenge the District Court's Orders denying his Motion to Suppress and Motion for Reconsideration. Notwithstanding this reservation, Defendant otherwise waives any right to challenge Defendant's conviction

4

on direct appeal or in any future proceeding (collateral or otherwise), unless the United States Court of Appeals for the First Circuit overturns the District Court's denials of his Motion to Suppress and/or Motion for Reconsideration.

(b) Defendant has conferred with his attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise). The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights, notwithstanding the reservation detailed above in subparagraph (a), Defendant may have to challenge a sentence within the agreed-upon range (including any agreement relating to supervised release, fines, forfeiture, and restitution) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. §2255 and 28 U.S.C. §2241. Defendant also waives any right Defendant may have under 18 U.S.C. §3582 to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's Criminal History Category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Plea Agreement, the parties intend that Defendant will receive the benefits of the Plea Agreement and that the sentence will be final.

(c) The U.S. Attorney agrees that she will not appeal the imposition by the Court of a sentence within the sentencing range agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by either party at sentencing.

(d) Regardless of the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*.

7. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a. the real property located at 261 Rice Avenue, Revere, Massachusetts, including all buildings, appurtenances and improvements thereon, as described in more detail in a Quitclaim deed recorded in Book 27565, Page 326 in Suffolk County Registry of Deeds;

b. the real property located at Lot #188 and Lot# 189 Rice Avenue, Revere, Massachusetts, including all buildings appurtenances and improvements thereon, as described in more detail in a deed recorded in Book 29168, Page 111 in the Suffolk County Registry of Deeds; and

c. $300 in United States currency, seized on or about August 8, 2013, from Marshall Dion.

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's offenses; and were used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

Defendant also agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in

accordance with this Plea Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Plea Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases Defendant's claims to the following assets seized by, or turned over to, Federal Bureau of Investigation, as to which, Defendant hereby acknowledges, Defendant received actual notice of administrative or civil judicial forfeiture proceedings on August 26, 2013, April 23, 2014, and April 26, 2014, and which Defendant agrees and acknowledges have been properly administratively forfeited:

a. $136,822 in United States currency, seized from Marshall Dion on or about July 3, 2013; and

b. $11,519,900 in United States currency, seized from Town and Country Self Storage, Inc., Unit 220, 140 Main Street, North Reading, Massachusetts, on or about July 2, 2013.

8. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

9. Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

10. Withdrawal of Plea By Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Plea Agreement, this Plea Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Plea Agreement.

11. <u>Breach of Plea Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against Defendant and/or have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

12. <u>Who Is Bound By Plea Agreement</u>

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. <u>Complete Agreement</u>

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Leah Foley.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: *[signature]*
NATHANIEL R. MENDELL
Chief, Narcotics and Money Laundering Unit

*[signature]*
LEAH B. FOLEY
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the mandatory minimum and maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Plea Agreement is in my best interest.

Marshall H. Dion
Defendant

Date: 10·15·15

I certify that Marshall H. Dion has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

Henry B. Brennan
Attorney for Defendant

Date: 10.15.15